UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SFR SERVICES, LLC,

    Plaintiff,

v().                                           Case No.:  2:22-cv-573-SPC-KCD

HERITAGE PROPERTY &
CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Heritage Property & Casualty Insurance Company's ("Heritage") First Motion to Dismiss (Doc. 17) and Plaintiff SFR Services, LLC's ("SFR") Response in opposition (Doc. 18). The matter is ripe for decision.

## BACKGROUND

This is a Hurricane Irma breach of contract case. Before the Hurricane, Heritage issued an insurance policy to San Simeon Phase 1 Residents Association, Inc. ("San Simeon") for property located in Fort Myers, Florida. After sustaining Hurricane Irma damage in 2017, San Simeon submitted a

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

claim to Heritage. San Simeon then assigned all policy rights and benefits to SFR.

SFR brought a one-count Complaint in federal court, under diversity jurisdiction, for breach of contract. SFR alleges Heritage failed to provide a coverage determination for, or make any payments on, San Simeon's original claim. To establish diversity of citizenship, SFR claims it is domiciled in Puerto Rico and Heritage is domiciled in Florida. Heritage moves to dismiss SFR's Complaint arguing a lack of diversity jurisdiction and an invalid assignment of policy benefits.

## LEGAL STANDARD

Heritage moves to dismiss SFR's Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### A. 12(b)(1) Subject Matter Jurisdiction

A plaintiff filing in federal court "must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013). A plaintiff who asserts diversity jurisdiction must prove that diversity jurisdiction exists. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy exceeding $75,000.00, exclusive of

interest and costs. 28 U.S.C. § 1332(a); see Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

For diversity purposes, corporations are citizens of all states where they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1). An LLC is a citizen of every state in which one of its members is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). This includes all managing members. See Venture Inv. Prop., LLC v. Scottsdale Ins. Co., No. 3:14-cv-1536-J-34PDB, 2015 WL 269011, at *1 (M.D. Fla. Jan. 21, 2015). Accordingly, each member of the LLC must be diverse from the defendant. See Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 380 (2016).

"For purposes of diversity, citizenship means domicile; mere residence in the State is not sufficient." Travaglio, 735 F.3d at 1268 (citation omitted). A "domicile," is "the place of [someone's] true, fixed, and permanent home and principal establishment . . . to which [he] has the intention of returning whenever [he] is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

The power of Courts to order jurisdictional discovery to determine if subject matter jurisdiction exists "when a court's jurisdiction is genuinely in dispute." Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 729 n.7 (11th Cir. 1982). A "jurisdictional question is genuinely in dispute [when] the court cannot

resolve the issue" without additional evidence. *Id.*; *Majd-Pour v. Georgiana Community Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984). When issuing jurisdictional discovery, the Court has discretion with respect "to the form that discovery will take." *Eaton*, 692 F.2d at 729 n. 7.

### B. 12(b)(6) Failure to State a Claim

To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

The Court will first address Heritage's argument that there was an invalid policy assignment and then turn to diversity jurisdiction.

### A. Invalid Assignment

First, Heritage asserts that the assignment at issue was invalid, and therefore, SFR lacks standing to pursue its claim. The Middle District's opinion in *SFR Servs., LLC v. Indian Harbor Ins. Co.*, 529 F.Supp.3d 1285 (M.D. Fla. 2021) is instructive on this issue. There, the Court dealt with an almost identical assignment of benefits. Like Heritage, Defendant Indian Harbor argued SFR lacked standing to pursue its claim because the

4

assignment was invalid under Florida law. *SFR Servs., LLC v. Indian Harbor Ins. Co.*, 529 F.Supp.3d 1285, 1288 (M.D. Fla. 2021).

This Court follows the ruling in *Indian Harbor*. SFR would only lack standing if the assignment is deemed void. Whether the assignment is "void" or "voidable" is a question more appropriate for summary judgment when the Court may weigh if the specificities of the assignment comply with Florida law—a factual determination.[2] Accepting the facts in the Complaint about the assignment of benefits as true, SFR has pled enough at this stage and Heritage's argument on this ground fails.

**B. Diversity Jurisdiction**

Based on the parties' pleadings, a genuine dispute exists over SFR's domicile, which directly implicates this Court's subject matter jurisdiction. SFR provides McGraw's declaration, asserting he is the " . . . sole member of SFR Services, LLC" and is " . . . a citizen and resident of Puerto Rico and was domiciled in Puerto Rico at all material times prior to and at the time of the filing of the Complaint in the above-captioned case." (Doc. 18-1). That would make SFR's domicile Puerto Rico and complete diversity would exist. *See Rolling Greens*, 374 F.3d at 1022. But Heritage has evidence Florida may be SFR's real domicile: Heritage alleges McGraw is actually domiciled in Florida

---

[2] The Court notes that, in the event the assignment is void, SFR would likely be permitted to substitute San Simeon as a proper plaintiff under Fed. R. Civ. P. 17(a)(3).

5

and/ or SFR may have more members domiciled in Florida. Either would defeat diversity jurisdiction.

First, Heritage provides several exhibits including: (1) a 2022 Florida LLC Annual Report, filed on April 7, 2022, for SFR listing McGraw as a manager of the entity with a Florida address (Doc. 17 at Ex. A); (2) a screenshot of the Department of Financial Services website showing that McGraw possesses an independent adjuster's license issued on April 5, 2021, with a corresponding Florida address (*Id.* at Ex. B); and (3) three complaints filed by the Florida Department of Business and Professional Regulation between 2018 and 2019 listing Mr. McGraw's last known address in Florida (*Id.* at Ex. C). Heritage also asserts McGraw maintains a Florida driver's license issued in 2016, is registered to vote in Florida and last voted in 2020, and has multiple vehicles registered in Florida. (*Id.* at ¶¶ 16-17).

The documents submitted by Heritage demonstrate, and SFR concedes, that McGraw maintained Florida citizenship until at least November 3, 2020. Although the documents submitted by Heritage from 2021 and 2022 do not directly evidence McGraw's Florida citizenship, they do call into question McGraw's domicile. Indeed, it appears as though McGraw used a Florida address for his independent adjuster's license in 2021 (*Id.* at Ex. B) and on a SFR filing in 2022 (*Id.* at Ex. A). Whether the address listed in both documents

was McGraw's personal address or SFR's business address remains unclear, and further evidence is necessary to determine this fact.

Second, whether SFR had other members at the time the Complaint was filed is genuinely in dispute. SFR's 2017 Annual Report lists two other managers for the entity, both of whom listed Florida addresses. ([Doc. 17 at Ex. D](#)). Although McGraw asserts that he was the only member of SFR during the relevant time period, neither manager filed a statement of dissociation from SFR. While neither was required to file such a statement, it raises the issue of whether SFR had additional members at the time the Complaint was filed. In the event SFR had other members who were domiciled in Florida at the time it filed the Complaint, complete diversity would not exist.

Because of these genuine disputes, the Court questions whether it has subject matter jurisdiction. Additional evidence is necessary. So, the Court grants Heritage's request to conduct limited jurisdictional discovery on SFR's domicile at the time the Complaint was filed. Such discovery should be completed within forty-five (45) days of this Order.

Accordingly, it is now

**ORDERED:**

1. Heritage's First Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED** to the extent it seeks limited jurisdictional discovery on

SFR's domicile at the time the Complaint was filed. In all other respects, Heritage's First Motion to Dismiss is **DENIED**.

2. Heritage shall have 45 days from the date of this Order to complete jurisdictional discovery limited to SFR's domicile at the time the Complaint was filed, which may include a deposition of Ricky McGraw. To the extent issues arise about the scope of this limited discovery, those matters are referred to United States Magistrate Judge Kyle C. Dudek. If issues arise during a deposition as to its scope, the parties may reach Judge Dudek at (239) 461-2131.

3. Within 14 days of completing such jurisdictional discovery, the parties are instructed to file a joint status report concerning SFR's domicile.

**DONE** and **ORDERED** in Fort Myers, Florida on November 10, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record